IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEON J. HOWARD
BH-2734
SCI-Phoenix
1200 Mokychic Drive
Collegeville, PA. 19426

  Plaintiff,

  v.

WELLPATH,LLC
600 N.12th Street, Suite 100
Lemoyne, PA. 17043,

BRITTANY HUNER
SCI-PHOENIX
CHIEF HEALTH CARE ADMINISTRATOR
1200 Mokychic Drive
Collegeville, PA. 19426,

DR. ANTHONY LETIZIO
SCI-PHOENIX
MEDICAL DIRECTOR
1200 Mokychic Drive
Collegeville, PA. 19426,

DR. JANE BORA
SCI-PHOENIX
Medical Director
1200 Mokychic Drive
Collegeville, PA. 19426,

  Defendants.

CIVIL ACTION
NO._____

JURY TRIAL DEMANDED

## COMPLAINT

### I.  PRELIMINARY STATEMENT

1. This is a civil rights action for preliminary injunction and

monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 as

well as the Eighth and Fourteenth Amendments to the United States

Constitution for failing to treat his serious medical needs and

1

thereby subjecting him to cruel and unusual punishment, meaning, their actions/non-actions created an unreasonable risk that placed his long term health and life in jeopardy. The plaintiff is also raising supplemental state-law claims relating to Defendants medical professional liability and deliberate indifference in failing to treat his serious medical needs.

2.   Defendants decision not to treat Plaintiff's small intestinal infection leaves him to suffer sever to debilitating muscle/joint and bodily aches and pains, fatigue, intense stomach fullness pain, bleeding, painfully long bowel movements, and slowly deteriorating overall health and well being that has taken a harsh toll on him emotionally as well as physically, and has seriously effected his quality of life.

3.   Plaintiff now seeks an preliminary injunction, equitable relief, and damages for the substantial pain and suffering caused by defendants.

## II.   JURISDICTION

4.   The court has jurisdiction over the subject matter of this compliant under 42 U.S.C. § 1983 and based upon 28 U.S.C. §§ 1331 and 1343 (a) (3); pendent jurisdiction of this Court to consider claims under state law; and supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 (a) to hear and adjudicate state law claims.

## III.   PARTIES

5.   Pliantiff, Leon J. Howard who is a 53 year old, was at all times relevant to this complaint, an inmate at SCI-Phoenix.

6.   Defendant Wellpath LLC ("Wellpath"), which has a regional office in Cumberland County, Pennsylvania, was at all times

2

Relevant to this complaint the holder of a contract to provide medical services to inmates at SCI-Phoenix.

7.     Defendant Brittany Huner (hereinafter "Ms. Huner"), who acted under color of state law, was at all times relevant to this complaint employed as Corrections-Chief Health Care Administrator and assigned to provide medical services at SCI-Phoenix. She is sued in her individual and official capacity.

8.     Defendant Dr. Anthony Letizio (hereinafter "Dr. Letizio"), who acted under color of state law, was at all times relevant to this complaint employed as the Medical Director at SCI-Phoenix as well as a Regional Director of Defendant Wellpath. He is sued in his individual and official capacity.

9.     Defendant Dr. Jane Bora (hereinafter "Dr. Bora"), who acted under color of state law, was at all times relevant to this complaint employed as a doctor for Defendant Wellpath and assigned to provide medical services at SCI-Phoenix. She is sued in her individual and official capacity.

## IV.     FACTUAL ALLEGATIONS

### A.     The Contract Between Defendant Wellpath and The Pennsylvania Department of Corrections.

10.    From 2019 to present, Defendant Wellpath hand a contract with Pennsylvania Department of Corrections ("DOC") that granted Wellpath the exclusive right to supply medical doctors, certified registered nurses, physician assistants, and other medical staff to the DOC, which includes SCI-Phoenix.

11.    The contract provided that the DOC would pay Defendant Wellpath a set amount of money in each calendar year to provide medical services to inmates at SCI-Phoenix.

12.     Upon information and belief, under the contract, Defendant Dr. Letizio and ant other subsequent medical director held the exclusive authority to determine whether SCI-Phoenix patients should be referred for off-site medical services, including medical procedures.

### B.   MEDICAL DEFENDANTS FAILURE TO PROPERLY TREAT PLAINTIFF'S SMALL INTESTINAL INFECTION

13.     In August of 2009, Plaintiff started getting full fast when ever he would drink or eat small amounts, and started to notice that his lower abdominal/pelvis begin to slightly protrude.

14.     About two-months later Plaintiff started having extremely sever constipation and very painful bowel movements that would take up to 1-2 weeks to have and would cause some bleeding from tearing his rectum.

15.     Plaintiff was subsequently put on several different laxatives but none would work and it had gotten to the point that he was prescribed seven different laxatives to take at the same time.

16.     In early 2010 Plaintiff was examined by an on site doctor at sick call who determined that Plaintiff's entire colon was filled with feces and recommended that he be seen by an off-site gastroenterologist as soon as possible.

17.     Since then, Plaintiff has been suffering with, but not limited to, the following relentless, chronic, and at times, dibilitating symptoms:

4

sever constipation, bloody bowel movements, muscle/joint aches and pains, fullness pain that intensifies when he eats or drinks small amounts, fatigue, weakness, thrush (tongue infection), urinary track infections, inability to eat/properly digest certain foods, lose of stamina, and weight lose.

18.  Since August 2009 to the present day Plaintiff has continuously been to sick call non-stop about the afore mentioned symptoms and has filed numerous complaints and grievances in order to be examined by off-site gastroenterologist because the physician assistants and medical doctors were content with just treating the symptoms as apposed to figuring out what was the source of Plaintiff's mounting health problems and declining health.

19.  Between 2014 and 2015, due to the doctors and gastroenterologist inability to figure out the cause of the Plaintiff's health issues, he then took it upon himself to research his symptoms via medical books in the library, inter net information, and speaking with specialist by phone, and found out that he has a rare sever small intestinal (fungal) disease that requires specific kinds of test to diagnose it, and intravenous treatment to cure it.

20.  However, since Plaintiff learned of this, he has tried for years to show and or explain to doctors, physician assistants, and gastroenterologist, what the disease is and, how to diagnose and cure it.

21.  Plaintiff would always be told by these doctors, physicians, and gastroenterologist, that he was wrong yet they had no idea what was causing so many persistent, serious, and various health issues.

22.  What's more is, none of these doctors, physicians, nor even the gastroenterologist had compared Plaintiff's symptoms to that of a sever small intestinal (fungal) infection and also failed to do any personal research conserning the disease to determined if he was right or wrong.

23.     Doctors were continuously ordering the same conventional/standard procedures consisting of colonoscopy/endoscopy with biopsies of the intestines/colon, and standard stool culture tests that are all incapable of diagnosing this disease and the gastroenterologist were unconcerned with suggesting that other tests needed to be preformed.

24.     On 3/1/22 Dr. Bazel stated to Plaintiff that Dr. Bora requested that he take a stool culture test.

25.     Plaintiff asked Dr.Bazel if the test would be to specifically diagnose the disease (although it was previously diagnosed on 1/4/22), he confirmed it was.

26.     Plaintiff subsequently after received a note from Dr. Bazel stating that he spoke with Dr. Bora and she said that when the results come back that she would either treat him here at the facility or send him to another specialist. See note from Dr. Bazel attached as exhibit "A".

27.     On 3/8/22 Dr. Bazel informed the Plaintiff that the results came back negative and that Dr. Bora will not be treating him or sending him to a different gastroenterologist.

28.     Subsequently after that on 3/15/22 Plaintiff read his medical records and found out that the stool test was not for the (fungal) disease, but instead was as all the previous stool cultures he has taken that only diagnoses parasites and bacteria's.

29.     Dr. Bora deliberately mislead Plaintiff in order to deny him treatment.

30.   In February 2021 Plaintiff's health finally took a serious turn for the worse. He suffered two-heart attaches five-minutes apart, which was due to a blood clot in an artery caused by the intestinal infection interfering with the effectiveness of the medication the Plaintiff takes to keep his blood platelet's from clotting.

31.   The bleeding during the Plaintiff's bowel movements have gotten more frequent and heavier to the point that the blood lose now shows up in blood tests, and for the past several years every test for blood in his stool has tested positive.

32.   Plaintiff also has two nurses and an officer who witnessed how bloody his stool was and how much blood was left in the toilet after a bowel movement.

33.   On 1/4/22 a gastroenterologist at Temple Hospital finally diagnosed Plaintiff with a small intestinal infection, confirming his information and belief of what he's infected with.

34.   Unfortunately for the Plaintiff, the  gastroenterologist who preformed the test failed to properly prep him 24-hours prior to administering the test. This caused the results to be inaccurate which lead to the gastroenterologist prescribing the wrong treatment.

35.   Clearly, however, Plaintiff's now thirteen-year medical history with this disease, heart attack, hemorrhaging blood from his small intestines, and the agony he has continuously expressed the relentless symptoms are causing him, should have suggested to the gastroenterologist, Dr. Letizio, and Dr. Bora that Plaintiff's infection was much more sever.

36.    More specifically though, the chronic and or sever, constipation, muscle/joint pain, fatigue, protruding abdomen/pelvis, getting full quickly, fullness pain, and tongue thrush, are all obvious symptoms of this disease, and based on the duration of time the Plaintiff has had it, and the more frequent and heavy intestinal bleeding, it's an urgent indication of how serious it has become/becoming.

37.    What's more is, the treatment prescribed by the gastroenterologist, antibiotics, put Plaintiff's health/life in considerable danger because a person in his serious condition would become worse (which it did) due, ironically, to the fact that prolonged use of antibiotics could actually cause this disease.

38.    Yet, considering all the above stated facts, there were no precautions taken by this gastroenterologist who knew or should have known about this prior to prescribing antibiotics, especially since she requested and had Plaintiff's information concerning the disease prior to administering the test for the infection was given. Plaintiff also filed a formal complaint against the gastroenterologist. The complaint and the response to it are attached as exhibit "B".

39.    After the diagnoses (on 1/4/22) Plaintiff repeatedly went to sick calls and complained to doctors and physicians about the gastroenterologist failure to prep him before the test for the infection was done, the inaccurate result's, prescribing medication that made him feel worse, and failing to consider Plaintiff's extensive medical history and, the severity of the symptoms before prescribing treatment.

40.    Plaintiff had also requested during these sick calls to speak with Dr. Letizio and that he contact the gastroenterologist to discuss with her the afore mentioned complaints, how to resolve the situation, and to also question why she neglected to schedule a follow-up with the Plaintiff to check and or monitor his progress with her treatment, considering the severity of his condition.

41.    Only after Plaintiff filed a grievance/compliant against Dr. Letizio did he shortly there after finally speak with Plaintiff on 4/1/22. He said he would look in to getting him treated and would contact the gastroenterologist but Plaintiff never got an update from Dr. Letizio concerning either.

42.    Subsequently after this Plaintiff went to sick call to find out if Dr. Letizio was going to treat him and was told by the physician that Dr. Letizio had chose instead to monitor how much blood he was loosing during his bowels movements.

43.    Plaintiff has not only had to live in agonizing pain for 13 years but now has to also live in fear for his life due to the unpredictability of the symptoms or the internal problems this insidious infection has caused, will cause long term or will be the cause of his sudden and unavoidable death if not treated as soon as humanly possible.

44.    This law suit is Plaintiff's first but it is his last and only hope of surviving this rare disease.

45.    Plaintiff is in desperate need of the honorable courts help and authority.

### V.   ADMINISTRATIVE REMEDIES

46.   PLaintiff has exhausted all administrative remedies to the fullest extant possible. However, Plaintiff is currently awaiting the final decision of the final appeal. Plaintiff's grievance, decisions, and appeals are attached as exhibit "C".

### VI.   CLAIMS FOR RELIEF

A.   FIRST CAUSE OF ACTION: DENIAL OF MEDICAL TREATMENT
PLAINTIFF V. MEDICAL DEFENDANTS
FEDERAL CONSTITUTIONAL CLAIMS

47.   The allegations set forth in paragraphs 1 through 46 are incorporated as if fully set forth herein.

48.   Plaintiff has suffered with sever, chronic bodily pain from numerous symptoms for 13-years.

49.   The seriousness of Plaintiff's medical needs was obvious to the Medical Defendants because of his extensive medical history and because he would continuously emphasize the seriousness of his medical needs during "numerous," "repeated," and "continuous," sick calls with physician assistants and with the on site Medical Defendants.

50.   The actions and omissions of the Medical Defendants delayed Plaintiff's necessary medical treatment for non-medical reasons, including but not limited to, circumstances attendant to the breakdown in communication among the Defendants and with the gastroenterologist regarding the Plaintiff's care as well as the severity and urgency of his medical needs.

51.   As a direct and proximate result of the Medical Defendants actions and omissions, Plaintiff continues to suffer with chronic and dibilitating symptoms and the strong possibility of irreparable internal damage to vital organs, his immune system and, even death.

52.    The acts and omissions of the Medical Defendants were committed willfully, wantonly, maliciously, intentional, outrageously, deliberately, and/or conduct so egregious as to shock the conscience.

53.    The acts and omissions of the Medical Defendants were committed without caution regard for due care, and with such wanton and reckless disregard of the consequences as to show the Defendants indifference to the seriousness of Plaintiff's medical needs and the risk of serious harm.

54.    The Medical Defendants violated Plaintiff's constitutional rights by causing him harm through their protracted delay of his necessary and proper medical treatment.

55.    As a direct and proximate result of the Medical Defendants illegal and unconstitutional actions, Plaintiff suffers pain, fear, anxiety (he has to take medication for), sever emotional trauma, and the lose of the enjoyment of life, all to his detriment and loss.

56.    As a direct and proximate result of the Medical Defendants illegal and unconstitutional actions Plaintiff continues to needlessly suffer and live in fear for his life.

57.    The Medical Defendants conspired to inflict harm on Plaintiff and constituted deliberate indifference to serious medical needs and therefore deprived Plaintiff of his rights under the Eighth and Fourteenth Amendments to the constitution.

58.   The allegations set forth in paragraphs 1 through 57 are incorporated as if set forth herein.

59.   The Medical Defendants had the duty to comply with generally accepted medical standards of care in their medical treatment of Plaintiff.

60.   The Medical Defendants violation of their duty of care to Plaintiff was a direct and proximate cause and a substantial factor in bringing about Plaintiff's damages, as outlined above, and as a result the Medical Defendants are liable to Plaintiff.

        **B.**     **SECOND CAUSE OF ACTION: STATE LAW NEGLIGENCE CLAIMS**
                **PLAINTIFF V. MEDICAL DEFENDANTS**

61.   Because the individual Medical Defendants were acting as agents, servants and/or employees of Defendant Wellpath, and because the Medical Defendants were acting within the scope and course of their employment, and under the direct control and supervision of Defendant Wellpath, Defendant Wellpath is liable to Plaintiff on the basis of respondeat superior liability.

<u>PUNITIVE DAMAGES</u>

62.   Plaintiff incorporates paragraphs 1 through 61 of this complaint as though fully set forth herein.

63.   The conduct of the individual Defendants was outrages, malicious, wanton, willful, reckless, and intentionally designed to inflict harm upon Plaintiff.

64.   As a result of the actions of the individual Defendants, as discussed in the foregoing paragraphs, Plaintiff is entitled to punitive damages as to each cause of action.

## PRAYER FOR RELIEF

65.   Plaintiff demands a jury as to each Defendant and as to each count.

WHEREFORE, Plaintiff, request the following:

a.  Grant a preliminary injunction ordering the defendants to administer to
    Leon J. Howard intravenous antifungal drugs, such as Anidulafungin or
    Amphotericin-b as treatment for his condition.

b.  Compensatory damages against each Defendant, jointly and severally.

c.  Punitive damages against each Defendant jointly and severally.

d.  Reasonable attorney's fees and cost; and

e.  Such other and further as appears reasonable and just.


Respectfully Submitted,

Leon J. Howard
BH-2734
SCI-Phoenix
1200 Mokychic Drive
Collegeville, PA. 19426


Date: 8/9/22

## VERIFICATION

I have read the foregoing complaint and I certify under penalty of
perjury that the foregoing is true and correct.


13

EXHIBIT "A"

3 / 1 / 22

Dear Mr. Howard =

I consulted our Director . Dr. Bora
said, after stool culture is back, we
decide about a plan and it could be
referring to a specialist or treat you
here, by our Staff .

S Bazl M.D.

EXHIBIT "B"



COMMONWEALTH OF PENNSYLVANIA
**DEPARTMENT OF STATE**
Bureau of Professional and Occupational Affairs
Harrisburg

(FOR OFFICIAL USE ONLY)

## STATEMENT OF COMPLAINT

In order for the public to alert the Bureau of Professional and Occupational Affairs of possible violations of the license laws and regulations of the Commonwealth by a licensee of this state agency, the complainant must complete the requirements of this form. Complaints must be typewritten or printed clearly. State facts briefly and clearly. Mail complaint to this office. Complaint must be signed. Submit any and all documents you have to support your complaint. Please complete both sides of this form.

## THIS FORM MUST BE NOTARIZED AND FILLED OUT COMPLETELY OR IT WILL BE RETURNED

**A. COMPLAINANT INFORMATION**

| LAST NAME | FIRST | | MIDDLE INITIAL |
|---|---|---|---|
| Howard | Leon | | J. |

STREET ADDRESS (Number and Name)
SCI-Phoenix Box 244

| CITY | COUNTY | STATE | ZIP CODE |
|---|---|---|---|
| Collegville | Phila. | PA. | 19426 |

| TEL. (Include Area Code) (HOME) | (WORK) |
|---|---|
| 610-409-7890 | |

**B. COMPLAINANT'S ATTORNEY, IF ANY.**

| LAST NAME | FIRST | MIDDLE INITIAL |
|---|---|---|
| | N/A | |

STREET ADDRESS (Number and Name)

| CITY | COUNTY | STATE | ZIP CODE |
|---|---|---|---|
| | | | |

| TEL. (Include Area Code) | FIRM NAME |
|---|---|
| | |

**C. NAME AND ADDRESS OF WITNESS, IF ANY.**

| LAST NAME | FIRST | MIDDLE INITIAL |
|---|---|---|
| Rockelle (SCI-Phoenix, Nurse) | | |

STREET ADDRESS (Number and Name)
SCI-Phoenix Box 244

| CITY | COUNTY | STATE | ZIP CODE |
|---|---|---|---|
| Collegville | Phila. | PA. | 19426 |

TEL. (Include Area Code)
610-409-7890

If needed, is this witness willing to support your complaint by appearing at a hearing? ☑YES ☐NO

**D. NAME AND ADDRESS OF SECOND WITNESS, IF ANY.**

| LAST NAME | FIRST | MIDDLE INITIAL |
|---|---|---|
| Mariah (SCI-Phoenix, Nurse) | | |

STREET ADDRESS (Number and Name)
SCI-Phoenix Box 244

| CITY | COUNTY | STATE | ZIP CODE |
|---|---|---|---|
| Collegville | Phila | PA. | 19426 |

610-4097890

If needed, is this witness willing to support your complaint by appearing at a hearing? ☑YES ☐NO

*NOTE:* If additional witnesses are available, list names, addresses, and other pertinent data in a manner similar to above on 8½ x 11" paper.

## DEFENDANT INFORMATION

**E. BUSINESS ESTABLISHMENT INVOLVED, IF ANY.**

| LAST NAME | FIRST | MIDDLE INITIAL |
|---|---|---|
| Temple University Hospital | | |

STREET ADDRESS (Number and Name)
3401 N. Broad St.

| CITY | COUNTY | STATE | ZIP CODE |
|---|---|---|---|
| Phila. | | PA. | 19140 |

| TEL. (Include Area Code) | PROPRIETOR |
|---|---|
| 215-707-9900 | |

**F. INDIVIDUAL INVOLVED, IF ANY.**

| LAST NAME | FIRST | MIDDLE INITIAL |
|---|---|---|
| Cappelle | Saraswatni | |

STREET ADDRESS (Number and Name)
3401 N. Broad St.

| CITY | COUNTY | STATE | ZIP CODE |
|---|---|---|---|
| Phila. | | PA. | 19140 |

| TEL. (Include Area Code) | OCCUPATION LICENSE TYPE |
|---|---|
| 215-707-9900 | Gastroenterologist |

**G. COMPLAINANT'S AFFIDAVIT.**

I/we hereby certify that the facts and information contained in this complaint are true and correct to the best of my/our knowledge.

x _____ (COMPLAINANT'S SIGNATURE)   x _____ N/A

Commonwealth of Pennsylvania
County of _Montgomery_ x _____   OTHER COMPLAINANT'S SIGNATURE, IF ANY
N/A

_____ (SIGNATURE OF PERSON COMPLETING THIS FORM, IF OTHER THAN COMPLAINANT)

Commonwealth of Pennsylvania - Notary Seal
David Medina, Notary Public
Montgomery County
My commission expires April 27, 2022
Commission number 1281852
Member, Pennsylvania Association of Notaries

Sworn & Subscribed to me this _March 20, 2022_

20 _22_

_Leon James Howard Complainant_

There are also "other" unrelenting symptoms (to name a few) I suffer with (at times **"dibilitating"**) on a daily/nightly bases such as, fatigue, weakness, muscle/joint pain and aches, and it takes me "30-60 minutes" to have bowel movements and I have a "bruise-turned-callous" on my left side from using my thumb (through the years) to help move the feces along when it gets stuck (I also tried to show Cappelle this mark and how "distended" my abdomen/pelvis is but she stated it wasn't necessary). This infection also causes me to have **frequent "Urinary Track Infections"**, I can't get the "antibiotic" treatment for them because it will kill more "good bacteria" in my small intestines (**again, this is how a small intestinal bacteria [fungal] overgrowth infection can be caused**). And I've also learned that untreated UTI's can become "septic" which can also become **"fatal"**.

This infection is **"torture"** on me and could be causing or has already caused **irreversible damage** or becoming **cancerous**. Had Cappelle not **"intentially" neglected to "thoroughly-evaluate"** my extensive medical history with this infection (something **"no"** ethically sound specialist would do), had not neglected to at least research and compare my (**"obvious-similarities"**) symptoms with that of the small intestinal "fungal" infection **Candida Albican** to see if there was "any" validity to what I explained to her about it, had read the "Symptom Flow Sheet" I filled out, had read the information I gave her concerning this infection and the "numerous" complaints I've filed over the years, or had any sympathy for how I emotionally expressed to her how much I'am suffering from this disease before diagnosing it as, **"slight"**, she would have known it is much-more sever. She also would (and should) have known that giving an antibiotic to a patient in my condition with this disease would make it worse if not fatal.

Also, considering how **"serious"** my condition is, Cappelle failed to even schedule me for a **"follow up"** to monitor how or if I'm recovering with her treatment. Cappelle's **"blatant" negligence, ignorance,** and **indifference,** is evident and her ethics fell "well-below" a general standard of care. There is a "very" high probability that I could succumb suddenly or eventually due to complications from this infection which is "completely-preventable" if treated **"now"**.

2-OF-2



**COMMONWEALTH OF PENNSYLVANIA**
**OFFICE OF GENERAL COUNSEL**

**PROFESSIONAL COMPLIANCE OFFICE**

04/14/2022

LEON J HOWARD
SCI-PHOENIX
BOX 244 1200 MOKYCHIC DR
COLLEGEVILLE, PA 19426

Re: CP_22_006467

Dear LEON J HOWARD:

This letter will acknowledge receipt of your formal complaint against **SARASWATHI ANN CAPPELLE**.

**Complaint Case Number 22-53-005981** has been assigned to this matter; please refer to the case number if you need to contact this office regarding your complaint. Any additional information or inquiries should be submitted in writing or emailed to st-complaints@pa.gov.

We will conduct an inquiry into the allegations; however, due to the number of cases processed by this office, **we are unable to provide you with regular status reports or updates regarding your complaint.** Normal processing time is 9-12 months; however, it can take longer depending on the caseload of the investigator and/or the attorney. We appreciate your patience as your complaint is processed. If you did not request to remain anonymous, you will be notified of the final disposition.

Please note the Department does not intervene in billing issues and in most instances, the Department is unable to get monetary restitution on behalf of a party. We recommend you contact an attorney if you are seeking restitution.

We invite you to visit our website at www.dos.pa.gov for further information regarding the complaint process and the 29 professional and occupational licensing boards and commissions, regulated by the Department's Bureau of Professional and Occupational Affairs. To verify a license or to view public disciplinary action taken against a licensee, you may wish to visit www.pals.pa.gov.

Thank you for bringing your concerns to our attention.

Sincerely,

Professional Compliance Office

/jla

**DEPARTMENT OF STATE / OFFICE OF CHIEF COUNSEL**
**2601 North 3rd Street / P.O. Box 69522 / Harrisburg, PA 17106-9522**
**Phone: 800-822-2113 / Fax: 717-7052882 / www.dos.pa.gov**

EXHIBIT "C"

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE

~~972915~~

GRIEVANCE NUMBER

## OFFICIAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Mr. Orlando | SCI Phoenix | 3/18/22 |
| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: | |
| Kevin L. Howard   DM-7734 | | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: | |
| Janitor | D-B-133 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

On 3/1/22 Dr. Bazel spoke with me concerning being "treated here" or being seen by another gastroenterologist (because I told him I and my family are filing a "Formal Complaint" against the G.I. specialist Cappelle at Temple U. Hospital pending civil action), I chose to be treated here because my health/symptoms are progressively getting worse and unpredictable and my life can ill afford to "start-over" with another specialist whom have "continually" failed to listen, research, and cure me, leaving me to suffer in an endless cycle of pain, deteriorating health and complaints. Dr. Bazel also asked me if I wanted to take a stool test and I told him that the test that I'm always given is the one that "only" looks for parasites, parasite larva, and bacteria's. I explained to him that the stool test I would need is "specifically" just for "fungi" and part of that ("diagnostic") diagnoses/test is to see how other digestive functions are being "interfered with" by it. Bazel confirmed to me it was and that the test results would determined if I get treatment (although I now have "all" I would need to justify treatment) and I didn't want to refuse it because I know it would be used to deny me treatment (or if I wanted to be seen by another specialist). However, on 3/8/22 I again spoke with Bazel at my Tele Med appointment and he informed me that due to the stool sample not having "fungi" in it that Dr. Boca will not be treating me nor sending me to another specialist, leaving me to slowly suffer and deteriorate in this unhealthy condition, however, after reading my medical records on 3/15/22 I found out that the test was "not" specifically for "fungi". That stool test, like all the others, only looks "specifically" for parasites/bacteria, this is way the results "never" states "fungi not found" it's because "fungi" is "not" one of the "specific" infections its looking for.              "1-of-2"

B. List actions taken and staff you have contacted, before submitting this grievance.

P.A. Kaminsky        P.A Terra
Dr. Boca
Dr. Bazel
Dr. Letizio
Dr. LeClere

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____          2/22/22 _____

Signature of Facility Grievance Coordinator                          Date

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

**DC-ADM 804, Inmate Grievance System Procedures Manual
Section 1 – Grievances & Initial Review**                          *Attachment 1-A*
Issued: 1/26/2016
Effective: 2/16/2016

Bazel and or the medical department "deliberately" mislead me to believe this test was for "fungus".

I have been "tortured" day and night by this disease for over "12-years". I have to endure "chronic" (at times dibilitating) fatigue, muscle/joint pains and aches, weakness, early satiety (get full fast), relentless (24-7) fullness pain that gets "much-worse" when eat or drink, and sever constipation (just name a few). I can't eat a lot of foods like, fruits, vegetables, beans, eggs, cereal (hot/cold) and pasta (to name a few) because they make the constipation, fullness pain, early satiety worse. My small intestines are so "badly-inflamed" that my lower abdomen/pelvis actually protrudes. Before I got infected by this disease my weight was 230-234pd. but due to this fungus disrupting the digestion process of my food (nutrients/nutrition) my weight now fluctuates between 203-210pd. and I've been as low as 179pd. at 6ft.-7in. tall. It actually take me up to "30-60minutes" to have a bowel moment and they often occur in the middle of the night causing a problem for me and my cell mate with the constant flushing and awful smell. And I actually have a "bruise-turned-callous" on my left-side from using my thumb throughout the years to help move the feces along when it gets stuck and I have to push my "rectum" back in when I'm done. I also have brief-heavy-bleeding during bowel movements 3-4 times a month and it has gotten "darker" like a maroon color (I also have two nurses Mariah and Rockelle, and an officer Lamaza to who saw how much blood was in the toilet, "and" the blood lose also showed up in "blood work" taken "immediately-afterwards". In February 2021 I suffered a "heart attack" because this infection "interferes" with the "effectiveness" of the "medication" I take to keep my blood platelet's from "clotting" causing an aneurysm, stroke, or "heart attack". I've been treated for "thrush" (I still have it) and I also have frequent UTI's (urinary track infection's) and if they are left untreated can become "septic" and "fatal" (I refuse treatment because it's "antibiotics" which is one of the causes of this infection and therefore would make my symptoms/health "much-worse").

Recently between 3/1/22 and 3/10/22 I had to go to medical "twice" due to feeling very weak and light headed (and possibly another UTI). The second time (3/10/22) my blood pressure was 210 over 80, the P.A.'s said it was good? However my blood pressure has "never" been that high, even when I had the heart attack the cardiologist stated, "I have the heart and blood pressure of an athlete". It's normally between 120-110 over 70 ("please" check my medical records). "All" of these health issues are either symptoms of or caused by the "unpredictabilility" of this disease that "trying" or "going" to "kill" me.

Dr. Saraswatin Cappelle, (the gastroentrologist at Temple Hospital) "failed" to "properly-prep" me for the "Lactulose Breath Test" to determine if I have a "bacteria overgrowth infection" in my small intestine. I was supposed to be put on a "bland liquid diet" 24-hours "before" the test was given. But despite the "negligent" circumstances I still tested "positive" for a small intestinal bacteria overgrowth infection (what I've been trying to show/tell doctors/specialist it was for over "7-years"). However, Cappelle diagnosed it as a "slight" infection but her diagnoses is "grossly-inaccurate" (please see the attached "complaint" I'm filing against Cappelle for a complete explanation as to "why" it's inaccurate). I have also complained to P.A. Kaminsky and Terra about Cappelle neglecting to prep me before the test, the inaccurate results, and how the medication she prescribed (Neomycin) made me weaker, light headed, lose my appetite, and nauseated. I informed Kaminsky that I was no longer going to be taking it and it was subsequently discontinued. Kaminsky said she will be notified about these issues (I also contacted CHCA Huner, but got no response) but this medical department has failed to contact her and its now been over "2-months".

There is now, however, "more" than enough ("then-not") medical proof, history, and symptoms, to support a "sever" (not "slight") small intestinal fungal overgrowth infection diagnoses that was caused by a "sever" bacteria overgrowth infection. And "no" doctors "or" specialist has as of yet in over "12-years" to compare the "obvious-similarities" of my symptoms to that of the symptoms of the small intestinal fungal infection "Candida Albican". This medical department is now "more" than justified (with the "positive diagnoses") to administer the necessary treatment of intravenous antifungal (Amphotericine-B), Pro Biotics, and distilled water ("overly-chlorinated" prison water is what caused it), to cure it.

Failure to do so now would not only be denying me "proper medical treatment and attention" but may also be the cause of me to "succumb suddenly or eventually" due to complications of (unexplainable and unreasonable health problems considering my healthy back round of good cholesterol, triglicerides, blood pressure, and blood sugar) this disease. Let alone the irreversible damage (internally, physically, or mentally) or "cancer" it could be causing. This is deliberate indifference and cruel and unusual punishment. I may also be filing a complaint against this medical department if this is not resolved with treatment.



# Initial Review Response

SCI Phoenix
1200 Mokychic Drive
Collegeville, PA, 19426

04/18/2022 03:02

| Inmate Name: | HOWARD, LEON J | DOC #: | BH2734 |
|---|---|---|---|
| Facility: | Phoenix | Unit Location: | D / B 1033 |
| Grievance #: | 972915 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer.  The response is as follows:

**Decision:Grievance Denied**

It is the decision of this Grievance Officer to uphold, deny, or uphold in part/deny in part the inmate's initial grievance.  This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

972915

This is in response to your grievance against the medical department.
Inmate Grieves inadequate medical treatment over the last 12 years leading to chronic pain and suffering. Inmate states medical/outside doctors are not giving him the proper tests to diagnose his intestinal issue.
Inmate Howard, you were seen by our medical director for this concern April 1st, as well as Chronic care clinic April 5th and April 12th in sick call for information regarding GI- Temple follow up. Please follow up with a DC-135a request to staff to Dr. Letizio, or in sick call as needed for medical care.
You will not receive monetary compensation.
Your grievance is denied.

| Signature: | |
|---|---|
| Name: | B. Huner |
| Title: | |
| Approver: | G. Orlando |
| Date: | 4/18/2022 |

CC:  Facility Grievance Coordinator
DC-15

---

**SCI.**
**INMATE APPEAL TO FACILITY MANAGER**
**GRIEVANCE**

| Inmate Number | NAME | HOUSING UNIT | DATE | GRIEVANCE# |
|---|---|---|---|---|
| BH-2734 | Leon J. Howard | D-B-133 | 4/26/22 | 972915 |

I received my initial response from the Grievance Office/Coordinator on _____ 4/19/22 _____ and have the following appeal issues.

Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.

Please provide a BRIEF (no longer than two pages) appeal statement.

**Huner's** response was devoid of any interaction with Dr. Letizio and failed to address any of my extensive and "very" serious health concerns and complaints or my complaints against Dr. Cappelle (the out side G.I. specialist) and this medical department. Ms. Huner's response also **"falsely"** states that I stated that the outside specialist (Dr. Cappelle) did not give me the **"proper-tests"** to diagnose this intestinal infection issue. On the contrary, I was given the proper test, but as I stated, Cappelle failed to **"properly-prep"** me before it was given causing an inaccurate results which lead (coupled with Cappelle's neglect to take into consideration my lengthy medical history and severity of symptoms) being prescribed the **wrong medication/treatment** that made me feel worse. I've also filed a complaint against Cappelle (see the attached form for complete details). Huner also **"falsely"** stated that this grievance is about the inadequate medical treatment over the past 12-years, but it's "not", it's about the inadequate medical attention and treatment I'm now currently receiving from this medical staff.

Huner (who is Chief Health Care Administrator) neglected to consult with Dr. Letizio concerning the conversation he had with me in order to get answers about my health issues, complaints against medical, Capelle, and how he and or they plan to resolve this serious matter which "should" have been Huner's main concern before making any uninformed and unethical decisions concerning my health and life. This shows Huner's **deliberate indifference** to my medical needs because she is now well aware of my condition, pain, suffering, and has chose to do nothing about it or should be done about it. I have struggled and suffered with this intestinal infection for over 12-years now and it has been "well" documented. Finally on January 4,2022 I was diagnosed with an intestinal infection but as previously stated the test, diagnoses, treatment, and follow-up, were all botched by the specialist Cappelle.

Since being diagnosed I have been to sick call several times to complain about Cappelle's negligence (and my health). Considering my long medical history and severity of my symptoms Cappelle "should" have schedule me for a follow-up to check my progress on her treatment but she failed to do so. I've spoken with PA Kaminsky, Terra, Bazel, and other PA's, about this medical department contacting Cappelle concerning these complaints and was told repeatedly they would bring my issues to the attention of Letizio, but when I would go back to sick call and have the PA's check the computer for a response from him (or an outside GI appointment) there was none.

1-of-2

**INMATE SIGNATURE:**

I then filed this grievance and about a week and a half latter on April 1,2022, I was called to medical to "finally" speak with Letizio who stated that Dept. Sipple wanted him to speak with me about this grievance and my health issues. After venting my frustrations with this medical department and Cappelle, Letizio stated that since we now have all we need to know to get you **properly-treated** he is going to notify Cappelle about treating this infection as **"serious"** and treating it with the appropriate treatment, but I also had to remind him that I filed a complaint against her and no longer want to be seen by her and he stated that he would find a way to get me treated by another specialist. PA Kaminsky could attest to this because he was also apart of this conversation (there was also a new nurse present for this conversation as well). Letizio also reassured me that he would talk to me again in a week to update me on getting the (**"intravenous"**) treatment done, but he failed to do so.

The very fact that it actually took this grievance to finally get the attention of Letizio and for him to finally contact Cappelle shows the incompetence of this medical staff and the indifference regarding my health, bodily suffering, and well-being. Letizio and Huner are now both well aware of the diagnoses and the best possible methode and medication to try in order to cure it, but have instead determined to deny me treatment. I'am being forced to endure endless, needless pain and suffering due to the unreasonable delay Letizio took in notifying the outside specialist (Cappelle) when I **"first"** brought my complaints concerning her to the medical departments attention, and due to the unreasonable delay of adequate treatment for this **"very-serious"** condition.

I'am now emotionally and mentally drained and in fear for my life due to the unpredictability of what this infection has caused (heart attack/intestinal bleeding) and or may cause (cancer or irreparable damage due to the infection being located in my small intestines and the over 12-year duration) due to lack of "urgency" on the behalf of medical to treat me.

I "desperately" need to be properly treated and cured of this infection. If this does not resolve in treatment I'am now more than prepared to file a civil compliant/injunction against this department.

2-of-2



## Facility Manager's Appeal Response

SCI Phoenix
1200 Mokychic Drive
Collegeville, PA, 19426

05/27/2022 12:46

| Inmate Name: | HOWARD, LEON J | DOC #: | BH2734 |
|---|---|---|---|
| Facility: | Phoenix | Unit Location: | D / B |
| Grievance #: | 972915 | | |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

### Decision: Uphold Response

It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

I am in receipt of your grievance appeal in which you claim on 3/1/2022, in talking to Dr. Basel, you agreed to be "treated here" because your health symptoms are getting worse and unpredictable and you can ill afford to start over with another specialist. You agreed to a stool test, as it would determine if you received treatment. On 3/8/2022, Dr. Bazel informed you that due to the stool test not having fungi, Dr. Bora will not be treating you, nor sending you to another specialist. On 3/15/2022, you reviewed your records and found that the test was not specifically for fungi, but a test that is used to detect parasites/bacteria. You claim that you have been suffering with this disease for 12 years with various symptoms. You state that Dr. Cappelle, gastroenterologist at Temple Hospital, failed to prep you for the Lactulose Breath Test to determine if you have a bacteria overgrowth infection in your small intestine. You claim that you tested positive for a small intestinal bacteria overgrowth infection. You claim there is medical proof, history, and symptoms, to support a small intestinal fungal overgrowth infection diagnosis. You claim your symptoms are that of symptoms of the small intestinal fungal infection Candida Albican. You are requesting proper medical treatment and attention.

In my investigation, I find that documentation indicates that you were seen by a Medical provider on 4/1/2022, 4/5/2022, and 4/12/2022. On 3/1/2022 – a stool culture was requested and it was decided to wait for stool culture report. A hematology consult is pending. No special needs, restrictions, or follow-up needed. On 3/8/2022, you were seen by medical provider – you were seen by a gastroenterologist and test results were discussed, but you believe you have a small intestine candida infection. On 3/29/22, a medical provider notes a possibility of oral thrush and a possible KOH Prep was ordered. This order was discontinued on 4/15/2022, as it was deemed not medically necessary.

If you have concerns regarding your health care, please follow the facility sick call request procedure.

Additional information will not be addressed as it was not included in the initial grievance.

I will uphold the decision of the grievance officer, and deny your appeal and requested relief as you are being treated by medical providers.

---

# Facility Manager's Appeal Response

SCI Phoenix
1200 Mokychic Drive
Collegeville, PA, 19426

05/27/2022 12:46

| Signature: | |
|---|---|
| Name | K. Sorber |
| Title: | Facility Manager |
| Date: | |

CC: DC-15
File

DC-ADM 804, Inmate Grievance System Procedures Manual

**Section 2 - Appeals, Attachment 2-B**   Issued: 1/26/2016 Effective: 2/16/2016

BH2734   Grievance #:972915

HOWARD, LEON J   Page2 of 2

## INMATE APPEAL TO FINAL REVIEW
## GRIEVANCE

| INMATE NUMBER | NAME | FACILITY | DATE | GRIEVANCE# |
|---|---|---|---|---|
| BH-2734 | Leon J. Howard | SCI-Phoenix | 6/9/22 | 972915 |

received my appeal from the Superintendent on _____ 5/27/22 _____ and have the following appeal issues:

Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.
Appeals must relate to the issue presented in the initial grievance and 1st level appeal.

Please provide a BRIEF (no longer than two pages) appeal statement.

The initial responder Chief Health Care Administrator (CHCA) **Brittany Huner** (and facility manager **Mr. Sorber**) failed to, at the very least, to consult with and question (Medical Director) Dr. **Anthony Letizio** about his reasons for not contacting the gastrointerologist Dr. **Cappelle** (whom on 1/4/22 diagnosed me with a small intestinal infection) to inform this specialist of the issues with the improper prep prior to administering the breath test, the improper treatment she prescribed and the problems it caused me, or to discuss how best to resolve this issue and treat/cure this infection. Instead, Huner and Dr. Letizio made the ethically unsound determination to neither "properly" treat this **(13-year)** insidious disease nor seek a specialist who will. They have instead elected to "monitor" the "consistent" (and at times **"heavy"**) bleeding from my intestine during bowel movements (that recently shown in a blood count test and a 3-day fecal test for blood in May 2022), leaving me to continually bleed, languish in bodily/internal pain, suffering, and debilitating health to a possible sudden and untimely death. If this infection continues to go untreated it could cause (if not already) irreversible damage, become/becoming cancerous, or be fatal due to the susceptibility of the intestines to this type of danger and also responsible for **3/4** of the body's immune system. This medical department/staff (and G.I. Dr. Cappelle) have **"grossly"** and **"deliberately"** failed to render proper medical attention/treatment to my serious medical needs and it has most certainly had "serious-consequences" on my quality of life. Therefore I will be seeking a preliminary injunction, compensatory and punitive damages.

INMATE SIGNATURE: _____

# Grievance Referral
## (Notice to Inmate)

Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050



07/19/2022 11:21

| Inmate Name: | HOWARD, LEON J | DOC #: | BH2734 |
|---|---|---|---|
| SCI Filed: | Phoenix | Current SCI: | Phoenix |
| Grievance #: | 972915 | | |

This serves to acknowledge receipt of your appeal to final review for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", this Office has reviewed the documents submitted; including your initial grievance, the grievance officer's response, your appeal to the facility manager, the facility manager's response, and the issues you raised to final review. Upon completion of this review, it is the determination of this Office to solicit input from an appropriate Central Office Bureau relative to the issue(s) raised in your grievance. Therefore, please be advised that the final review decision will be delayed pending review by the office to which it has been referred. Upon completion of this review, however, a determination will be made and you will be provided with a final appeal decision in writing.

**Action: Referral**

**Bureau/Office:**

- Health Care - Referral Date : 07/19/2022

| Signature: | |
|---|---|
| Name: | D. Varner |
| Title: | Chief Grievance Officer |
| Date: | 07/19/22 |

cc:  DC-15/Superintendent – Phoenix
Grievance Office

DC-ADM 804, Inmate Grievance System Procedures Manual

Section 2 - Appeals, Attachment 2-I

Issued: 1/26/2016  Effective: 2/16/2016

BH2734     Grievance #:972915

HOWARD, LEON J

Page1 of 1

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
LEON J. HOWARD                        :
        ORDER TO SHOW
        Plaintiff                     : CAUSE FOR AN
                                      : PRELIMINARY
                                      : INJUNCTION
            V.                        :
                                      : Civil Action No._____
WELLPATH, LLC                         :
the case, et al.,                     :
        Defendants                    :
                                      :
```

Upon the complaint, the supporting affidavits of the plaintiff, and the memorandum of law submitted herewith, it is:

ORDERED that Defendants, Wellpath/LLC, Brittany Huner, Dr. Anthony Letizio, and Dr. Jane Bora, show cause in room _____ of the United States Courthouse, 106 Market St., Phila. PA. 19106, on the ____ day of ____, 2022 at o'clock, why a preliminary injunction should not issue pursuant to Rule 65 (a) of the Federal Rules of Civil Procedure enjoining the defendants, their successors in office, agents and employees and all other persons acting in concert and participation with them to, Treat the Plaintiff's sever small intestinal disease with intravenous medication.

IT IS FURTHER ORDERED that the order to show cause, and all other papers attached to this application, be served on the aforesaid Plaintiff by _____.


_____
United States District Judge


Dated:_____

PLAINTIFF'S MEMORANDUM IN SUPPORT FOR A PRELIMINARY INJUNCTION

## I.   STATEMENT OF FACTS

The Plaintiff, Leon J. Howard, a prisoner at SCI-Phoenix, suffers from a rare small intestinal infection called Candida albican. Although his disease is progressing and his health is deteriorating, the defendants refuse to provide intravenous antifungal drugs Anidulfungin or Amphotericin-b that would cure his sever fungal infection.

Plaintiff is seeking a preliminary injunction requiring the defendants to provide this medication to him in order to cease on going and serious harm to his health and to abate the excessive risk that the progressing, chronic disease poses to his future health.

Plaintiff has been in DOC custody since 5/17/89 and was diagnosed with a small intestinal infection on 1/4/22.

However, the gastroenterologist neglected to properly prep the Plaintiff 24-hours prior to administering the test for the infection. This lead to the results and diagnoses being inaccurate, followed by the gastroenterologist prescribing the Plaintiff the wrong treatment.

The Plaintiff however has medical information that strongly suggest that he has a sever small intestinal fungal disease. The gastroenterologist failed to take that information into consideration or his extensive 13-year medical history suffering from numerous unpredictable symptoms or how sever and torturous Plaintiff has expressed they are before making the diagnoses.

1

The gastroenterologist negligence, however, does not absolve the Defendants of their duty to provide care/treatment for a sever chronic (as apposed to the "slight" infection diagnoses by the gastroenterologist) small intestinal infection.

A chronic infection constitutes an existing medical injury in need of serious medical treatment; failure to treat exposes the plaintiff to an increased risk of more serious medical injury, up to and including death; and that delays or denials in treatment are in contravention of the applicable medical standards, and thus medical justification and constitutes deliberate indifference on the part of Defendants.

Defendants now know the logical answer for what the Plaintiff is suffering from. The symptoms of the fungal disease not only matches-up perfectly with Plaintiffs extensive medical research, 13-year medical history and symptoms, but now further supported by the small intestinal infection diagnoses.

Plaintiffs medical records show that he suffers from chronic: sever constipation, joint and muscle aches/pains, fatigue, fullness pain that intensifies when Plaintiff eats or drinks small amounts, weakness, thrush (painful tongue infection), heavy bleeding during bowl movements, urinary track infections, weight lose, and a heart attack due to the diseases ability to interfere with the effectiveness of the medication he takes to keep his blood from clotting.

This disease also interferes with the ability to properly digest and absorb foods and nutrients (hence weight lose), and therefore the absorption of medications as well.

2

This is because of the disease being located in the small intestines where food, nutrition, and medication gets processed throughout the body. Any doctor, gastroenterologist, physician, assistant and, medical reference book can attest to this fact.

## II. LEGAL ARGUMENT

### A. Plaintiff Has a Reasonable likelihood of Success on the Merits In Showing Deliberate Indifference To A Serious Medical Need

Prison officials "have an obligation to provide medical care for those whom it is punishing by incarceration." Estelle v.Gamble, 429 U.S 97, 103 (1976). To prevail on an Eighth Amendment medical care claim a plaintiff "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate a deliberate indifference to that need." Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3rd Cir. 2003). "A sever intestinal disease constitutes the type of 'serious medical need' which trigger Eighth Amendment scrutiny in a corrections context." Barndt v. Pennsylvania Dept. of Corrections, 2011 WL 4830181 *9 (M.D. Pa. 2011); see also Abu-Jamal v. Wetzel, 2017 WL 34700 (M.D. Pa. 2017).

Plaintiff has been diagnosed with an infection in his small intestines that has become/becoming so sever its causing the Plaintiff to hemorrhaging blood during bowel movements and could become cancerous, cause his eventual death, or at the very least cause irreparable internal damage.

Plaintiff therefore indisputably meets the first prong of showing a serious medical need.

3

Deliberate indifference to a serious medical need "requires proof that the official knows of and disregards an excessive risk to inmate health or safety." Natale, 318 f3d. at 582 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994). The Defendants herein have deviated from the standard of care by refusing to provide an available, and effective cure for Plaintiff's intestinal disease.

Defendants are acting with deliberate indifference to Plaintiff's serious medical need for the intestinal disease treatment, exposing him to an excessive risk to his health, by: 1) refusing to treat his serious medical need; 2) knowingly providing less efficacious care that consists of merely monitoring his intestinal bleeding and no treatment; and 3) deviating from the applicable medical standard of care without medical justification. Refusing treatment, providing less efficacious care, and making medical decisions for non-medical reasons, each establish deliberate indifference under controlling precedent of the Supreme Court and Third Circuit Court of Appeals.

The Defendant's in this case have decided to just monitor the Plaintiff's intestinal bleeding which has gotten/getting progressively worse.

### B. The Defendants' Refusal to Treat Plaintiff's Intestinal Disease Deviates From the Standard of Care, Exposes Him to Serious Harm and Excessive Risk to His Future Health, and Constitutes Deliberate Indifference

Without treatment the disease will continue to progress, exposing Plaintiff to an increased risk of developing cancer (due to the Susceptibility of the intestines to cancer) and other complications (e.g. the heart attack) of the Disease.

The Defendants know that if Plaintiff's disease were treated it would terminate the infection and end the ongoing bodily pain and torture from the numerous, various, and unpredictable symptoms and, prevent further progression of the disease to cancer and/or death.

As acknowledged in Abu-Jamal v. Wetzel, Defendants Noel admitted that there was no medical reason for denying the Plaintiff's treatment in that case with direct-acting antiviral medications. He testified: "I can think of no medical contraindications at this time [for withholding treatment]". 2017 WL 34700 at *8.

Plaintiff should be treated under the applicable medical standard of care, Defendants failure to provide treatment constitutes deliberate indifference to Plaintiff's medical need for intravenous antifungal treatment in violation of the Eighth Amendment.

Knowledge of and disregard of an excessive risk to inmate health and safety constitutes deliberate indifference. Estelle, 429 U.S. at 104; Durmer v. O'Carroll, 991 F.2d 64, 68 (3rd. Cir. 1993); Monmouth County Correctional Inst. Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Likewise, deviation from the accepted standard of care for treating an illness without medical justification also constitutes deliberate indifference. Roe v. Elyea, 631 F.3d 843, 862-63 (7th Cir. 2011); Delonta v. Johnson, 708 F.3d 520, 525-26 (4th Cir. 2013) (failure to provide care consistent with prevailing standard states a claim under the Eighth Amendment); Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990) (treatment that deviates from professional standards may amount to deliberate indifference).

Plaintiff suffers from a serious, chronic disease that causes him physical distress and that, if left untreated, could result in substantially more pain, cancer, and death. Moreover, there is no medical justification for denying treatment. Accordingly, the failure to appropriately treat his disease constitutes deliberate indifference.

In the Plaintiff's case, he is squarely in the realm of those "worst cases" that "may actually produce physical torture or a lingering death. Estelle, 429 U.S. at 103. Medical evidence regarding the Plaintiff's condition demonstrates he has a chronic sever fungal intestinal infection (known as Candida albican) that is now causing the Plaintiff to hemorrhaging blood from his small intestines, and because the infection is in the intestine/gut where 70% of the bodies immune system resides it makes it susceptible to irreparable harm, and greatly increases the risk of serious health complications, cancer, even death. "This evidence plainly demonstrates that Mr. Eaddy is seriously ill, and, if not treated, will be 'exposed [] to...an unreasonable risk of serious damage to his future health.' Helling v. McKinney, 509 U.S. 25, 35 (1993)". Plaintiff has suffered and continues to suffer irreparable harm and absent an injunction his health will continue to deteriorate.

### B. Treating Plaintiff's Intestinal Disease Will Not Harm Defendants And Will Further The Publics Interest

"Here is the highest public interest in due observance of all constitutional guarantees." United States v. Raines, 362 U.S. 17, 27 (1960). In addition, "the public interest in the provision of constitutional adequate health care to prisoners." Flynn v. Doyle, 630 F.Supp.2d 987, 993 (E.D. Wisc. 2009).

An injunction will not impose substantial burden on the DOC. The only "adverse" consequences would be that the DOC will have to administer intravenous treatment with an antifungal drug followed by Pro-biotics, vitamins, and distilled water.

## CONCLUSION

For the foregoing reasons, This Honorable Court should grant plaintiff motion for preliminary injunction relief and order DOC Defendants to treat his disease with the antifungal drug Anidulafungin or Amphotericin-b medication.

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN
See "Instructions for Service of Process by U.S. Marshal"

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Leon J. Howard | |
| DEFENDANT | TYPE OF PROCESS |
| Wellpath, LLC, et al. | Civil |

SERVE AT

| NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|
| Wellpath, LLC, et al. |
| ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code) |
| 600 N. 12th Street Suite 100, Lemoyne, PA. 17043 |

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| Leon J. Howard<br>BH-2734<br>1200 Mokychic Drive<br>Collegeville, PA. 19426 | Number of process to be served with this Form 285 | 4 |
| | Number of parties to be served in this case | 4 |
| | Check for service on U.S.A. | X |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

Fold                                                                                                    Fold

| Signature of Attorney other Originator requesting service on behalf of: ☐ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY— DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only for USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Address (complete only different than shown above) | Date | Time | ☐ am ☐ pm |
| | | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | $0.00 |

REMARKS:

DISTRIBUTE TO:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
### for the
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Leon J. Howard | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| Wellpath, LLC, et al. | ) |
| *Defendant* | ) |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:   Wellpath, LLC, et al.

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Leon J. Howard | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| Wellpath, LLC, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:    Leon J. Howard
     *(Name of the plaintiff's attorney or unrepresented plaintiff)*

     I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

     I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

     I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
       *Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
           *Printed name*

_____
           *Address*

_____
           *E-mail address*

_____
           *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

     Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

     "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

     If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

     If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**U.S. Department of Justice**
**United States Marshals Service**

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF Leon J. Howard | COURT CASE NUMBER |
|---|---|
| DEFENDANT Wellpath, LLC, et al. | TYPE OF PROCESS Civil |

**SERVE AT** NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Wellpath, LLC, et al.

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

600 N. 12th Street Suite 100, Lemoyne, PA. 17043

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| Leon J. Howard BH-2734 SCI-Phoenix Collegeville, PA. 19426 | Number of process to be served with this Form 285 | 4 |
| | Number of parties to be served in this case | 4 |
| | Check for service on U.S.A. | X |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Fold                                                                                                  Fold

| Signature of Attorney other Originator requesting service on behalf of: ☐ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY– DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|

| Address *(complete only different than shown above)* | Date | Time | ☐ am ☐ pm |
|---|---|---|---|
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | $0.00 |

REMARKS:

DISTRIBUTE TO:  1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
## for the
### EASTERN DISTRICT OF PENNSYLVANIA

Leon J. Howard )
*Plaintiff* )
v. ) Civil Action No.
Wellpath, LLC, et al. )
*Defendant* )

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Wellpath, LLC, et al.

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Leon J. Howard | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| Wellpath, LLC, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:   Leon J. Howard
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

PA DEPARTMENT OF
CORRECTIONS
INMATE MAIL

neopost
08/10/2022
US POSTAGE $009.90º

PRIORITY MAIL



ZIP 19426
041M12252211

RECEIVED
AUG 1 1 20

Smart Communications/PADOC

SCI- Phoenix

Name Leon J. Howard

Number BH-2734

~~~~~~~~~~~

~~~~~~~~~~~

1200 Mokychie Drive

Collegeville, PA. 19426

To: Clerk of Court
U.S. District Court
Eastern District of Pennsylvania
601 Market St. Room 2609
Phila.  PA. 19106-1797

U.S.M.S.
X-RAY



UNITED STATES
POSTAL SERVICE®

NEOPOST™

USPS TRACKING #

9488 8178 9820 3203 5851 78





PRIORITY
★ MAIL ★

TRACKED
★★★
INSURED
★

UNITED STATES
POSTAL SERVICE®

For Domestic and International Use          Label 107, May 2014