IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON J. HOWARD, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-3241 |
| | : | |
| WELLPATH, LLC, et al. | : | |
|     Defendants. | : | |

## MEMORANDUM

**SCHMEHL, J.  /s/ JLS**                                                                **FEBRUARY 24,2023**

      Plaintiff, an inmate at SCI-Phoenix, brought this action under 42 U.S.C. § 1983, claiming the individual Defendants violated his Eighth Amendment rights when they allegedly acted with deliberate indifferent to his serious medical needs.Plaintiff has added a state law claim for negligence. Named as Defendants are Wellpath, LLC ("Wellpath") which Plaintiff alleges maintains a contract with the Pennsylvania Department of Corrections to provide medical services to inmates at SCI-Phoenix, Brittany Huner who Plaintiff alleges is the Corrections-Chief Health Care Admiistrator at SCI-Phoenix, Dr. Anthony Letizio who Plaintiff alleges is the Medical Director at SCI-Phoenix and Dr. Jane Bora who Plaintiff alleges is a doctor for Wellpath and assigned to provide medical services at SCI-Phoenix. The individual Defendants are named in their individual and official capicities. By Order dated November 7, 2022, the Court dismissed the claims against the individual Defendants in their official capacities only as barred by the Eleventh Amendment [ECF 11]. Presently before the Court is the Rule 12(b)(6)

motion of Defendant Wellpath to dismiss for failure to state a claim.[1] For the reasons that follow the motion is granted.

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted). To survive dismissal, a complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Our Court of Appeals has held that although a complaint filed by pro se litigants must be construed liberally, it is necessary that the complaint "allege sufficient facts ... to support a claim." *Rivera v. Monko,* 37 F.4th 909, 914 (3d Cir. 2022) (citation omitted). Liberal construction of a *pro se* litigant's pleadings requires the court to "interpret them to raise the strongest arguments suggested therein." *Talbert v. Corr. Dental Assocs.*, Civil Action No. 18-5112, 2020 WL 6530317, at *1 (E.D. Pa. Nov. 5, 2020) (citation omitted).

---

[1] It does not appear that the individual Defendants were ever properly served with the Complaint.

According to the Complaint, Plaintiff began to notice in August of 2009 that after he consumed small amounts of drinks or food, his lower abdominal/pelvis began to slightly protrude. Compl at ¶13. About two months later, Plaintiff began to suffer from severe constipation and painful bowel movements. *Id*. at ¶14. Plaintiff alleges that he was put on several laxatives. *Id*. at ¶15.

In early 2010, Plaintiff was examined by an on-site doctor at sick call who recommended that Plaintiff be seen by an off-site gastroenterologist as soon as possible. *Id.* at 16. Plaintiff alllges that since that time he has suffered relentlessly from severe constipation, bloody bowel movements, aches and pains, weakness and weight loss. *Id*. at ¶ 17. Plaintiff claims he has been to sick call "non-stop" and has filed repeated requests to be seen by an off-site gastroenterologist in order to discover the source of his illness. *Id*. at ¶18.

Plaintiff alleges that between 2014 and 2015, he researched his symptoms and concluded that he suffers from a "rare sever [sic] small intestinal (fungal) disease that requires specific tests to diagnose it." *Id.* at ¶19. Plaintiff alleges that although he was always told by the prison doctors and the off-site gastroenterologist that he was wrong about his diagnosis, none of the doctors could identify the source of Plaintiff's illness. *Id*.at ¶ 21.

Plaintiff alleges that the Wellpath doctors performed only the same conventional/standard procedures consisting of colonoscopy/endoscopy with biopsies of the intestine/colon and standard stool culture tests that are, according to Plaintiff, all incapable of diagnosing what he believes to be small intestinal fungal disease. *Id*. at ¶ 23.

On March 1, 2022, a Dr. Bazel informed Plaintiff that Defendant Dr. Bora had requested that Plaintiff take a stool culture test. *Id*. at ¶24. Dr. Bazel informed Plaintiff that the stool test would be able to confirm whether or not Plaintiff suffered from small intestinal fungal disease. *Id.* at ¶ 25.  Plaintiff alleges that on March 8, 2022, Dr. Bazel informed him that the tests came back negative and that therefore Dr. Bora would not be treating him nor sending him to a different gastroenterologist. *Id*. at ¶ 27. Plaintiff alleges that he subsequently read his medical records and learned that the stool test was not given for the purpose of diagnosing small intestinal fungal disease but rather was given only to diagnose the presence of parasites and bacteria. *Id.* at ¶ 28. According to Plaintiff, Dr. Bora deliberately misled Plaintiff in order to deny him treatment. *Id*. at ¶ 29.

Plaintiff alleges that on January 4, 2022, a gastroenterologist at Temple University diagnosed Plaintiff with a small intestinal infection *Id*. at ¶ 33. Plaintiff alleges that this gastroenterologist failed to properly prep him 24-hours prior to administering a test. According to Plaintiff, this caused the results to be inaccurate which lead to the gastroenterolist prescribing the wrong treatment. *Id*. at  ¶ 34.

Plaintiff claims his 13-year medical history with this disease should have suggested to the off-site gastroenterologist as well as to Dr. Letizio and Dr. Bora "that Plaintiff's infection was much more sever [sic.]" *Id* at ¶ 35.

Plaintiff alleges that a decision of the gastroenterologist to place him on antibiotics may have actually made the disease worse. *Id*. at ¶ 37.  Plaintiff contends he requested many sick calls during which he requested to speak with Defendant Dr. Letizio about contacting the gastroenterologist to review the situation and to determine why a follow-up visit was never scheduled. *Id.* at ¶ 40. After Plaintiff filed a grievance

gainst Dr. Letizio, Dr. Letizio spoke with Plaintiff on April 1, 2022 and informed him that he would relay Plaintif's concerns to the gastroenterologist. Plaintiff alleges that never received a response from Dr. Letizio. *Id*. at ¶ 41.

Plaintiff went to another sick call during which he asked the physician whether Dr. Letizio was going to treat him. Plaintiff alleges that the physician informed him that Dr. Letizio had chosen to monitor how much blood Plaintiff was losing during his bowel movements. *Id.* at ¶ 42. Plaintiff claims he has had to live in pain for 13 years and in fear of his life, due to the unpredictability of the symptoms *Id*. at ¶ 43.

Plaintiff claims that the "acts and omissions of the Medical Defendants were committed without caution for the care, and with such wanton and reckless disregard of the consequences as to show the Defendants indifference to the seriousness of Plaintiff's medical needs and the risk of serious harm." *Id*. at ¶ 53.

Our Court of Appeals has found deliberate indifference where "(1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, and (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs." *Pearson v. Prison Health Service*, 850 F. 3d 526, 538 (3d Cir. 2017). Prison officials are not permitted to either deny "reasonable requests" for medical treatment or opt for "easier and less efficacious" treatment plans. *Palakovic v. Wetzel*, 854 F.3d 209, 228 (3rd Cir. 2017).

The allegations in Plaintiff's Complaint do not fit into any of these categories. According to his own allegations, Plaintiff was seen and treated multiple times by Wellpath medical staff during his incarceration and was even referred to an off-site

gastroenterologist. He admits that he underwent a colonoscopy/endoscopy, biopsies of his intestines and stool culture tests. Plaintiff is clearly frustrated that none of these tests confirmed his diagnosis of small intestinal fungal disease which Plaintiff believes he suffers from.

Plaintiff's allegations clearly question the adequacy and results of medical treatment he has received during his confinement at SCI-Phoenix. With respect to disputes over adequate medical treatment, "federal courts are generally reluctant to second guess medical judgment and to constitutionalize claims which sound in state tort law," *Palakovic*, 854 F.3d at 228 (citing *United States ex rel. Walker v. Fayette Cty.,* 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotations and citation omitted)), because questions of medical treatment remain "a question of sound professional judgment." *Palakovic*, 854 F.3d at 228. Simple disagreement about the proper course of medical treatment is insufficient to establish deliberate indifference. *Pearson*, 850 F.3d at 535. Deliberate indifference is a higher standard than negligence and may be difficult to establish, because prison medical officials have leeway in diagnosing and treating inmates. *Estelle v. Gamble,* 429 U.S. 97, 105-06; *Durmer v. O'Carroll,* 991 F.2d 64, 67 (3d Cir. 1993). Thus, a mere violation of the "standard of care," such as negligence, will not suffice to rise to the level of a constitutional infringement. *Pearson*, 850 F.3d at 538 (citing *Estelle,* 429 U.S. at 106). Thus, the Eighth Amendment claims against the individual Defendants in their individual capacities must be dismissed.

Plaintiff's claim against Defendant Wellpath must also be dismissed. Under § 1983, there is no vicarious liability. See *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). A municipal employer or a private employer who is a state

actor such as Wellpath can only be held liable if the constitutional violation was the result of a policy or custom of the municipality or private entity. See *id*. at 694.

The insufficiency of Plaintiff's allegations to state a claim against the individual Defendants preclude a derivative claim that a policy, practice, or custom caused an individual Defendant's constitutional violation. Absent plausible allegations of a constitutional violation, a plaintiff cannot allege that a company's official policy is responsible for the conduct that caused the alleged constitutional violation and thus cannot succeed on a §1983 claim. *See e.g.*, *Stankowski v. Farley*, 251 Fed. Appx. 743, 748 (3d Cir. 2007) (Because Plaintiff could not allege that "the nurses' practice of not distributing bandages until the patient sees a doctor" violated the Eighth Amendment, he could not show that the nurses' employer "adopted any policy, custom or practice that caused any constitutional violations").

Plaintiff does not allege in his Compaint any custom or policy of Wellpath that resulted in a violation of his constitutional rights. In his response brief to Wellpath's motion to dismiss, Plaintiff asserts that Wellpath has a custom of inadequately supervising and training its employees.

Since the Court has dismissed Plaintiff's federal claims brought under 42 U.S.C. 1983, it declines to exercise pendent jurisdiction over Plaintiff's state law claim for negligence. That claim will be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. The state claim will be dismissed without prejudice to Plaintiff refiling the claim in the appropriate state court.